UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENGHIS KHAN ALI STEVENSON,<br><br>             Petitioner,<br><br>v.<br><br>JEFFEREY BEARD,<br><br>             Respondent. | Case No.: 15-cv-1926-DMS-MDD<br><br>**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE RE: PETITION FOR WRIT OF HABEAS CORPUS** |

This Report and Recommendation is submitted to United States District Judge Dana M. Sabraw pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 72.1(c) of the United States District Court for the Southern District of California.

For the reasons set forth herein, the Court **RECOMMENDS** the Petition be **DISMISSED**.

# I. PROCEDURAL HISTORY

## A. Federal Proceedings

Genghis Khan Ali Stevenson ("Petitioner") is a state prisoner proceeding *pro se* and *in forma pauperis*. (ECF Nos. 1, 4).[1] On August 26, 2015, Petitioner constructively filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 against Jefferey Beard ("Respondent"). (ECF No. 1). Petitioner claims that: (1) the procedure used by the California Department of Corrections to calculate his time-served credits was misapplied, effectively extending his sentence and thereby violating his Due Process and Equal Protection rights; (2) his trial counsel failed to bargain for fifty percent time-served credits; and (3) the Court should grant him an evidentiary hearing. (*Id.* at 5-7).

On December 21, 2015, Respondent filed an Answer, Memorandum of Points and Authorities in support thereof, and state court lodgments. (ECF Nos. 11, 11-1, 12). On January 21, 2016, Petitioner filed a Traverse. (ECF No. 13).

# II. BACKGROUND FACTS

In 2001, Petitioner was convicted of robbery with use of a firearm in violation of California Penal Code § 211. (ECF No. 1 at 19; Lodg. 1). Petitioner was sentenced to fourteen years with an expected release date in July 2014. (ECF No. 13 at 1 ¶ 1). Petitioner was eligible for a fifteen percent time-served credit on his robbery sentence. (ECF No. 1 at 19).

---

[1] Pagination refers to the CM/ECF document not the native document.

On February 28, 2006, Petitioner pled no contest to a charge of custodial possession of a weapon in violation of California Penal Code § 4502(a). (*Id.* at 31). Petitioner was convicted and sentenced to six years as a second striker under California's three strikes law, California Penal Code §§ 1170.12(a)-(d), 667(b)-(i). (*Id.* at 19, 22, 26, 31). This six-year term was to run consecutively with Petitioner's fourteen-year robbery sentence. (*Id.* at 32). In May 2006, Petitioner filed petitions for writ of habeas corpus in state and federal court challenging the possession conviction by asserting ineffective assistance of counsel. (ECF No. 13 at 5 ¶ 6). Both the state and federal petitions were denied. (*Id.*).

Petitioner states that every time he gains or loses time-served credits in prison, he receives a "Legal Status Summary Sheet" which advises him of the time-served credits accrued towards his sentence. (*Id.* at 5-6 ¶ 7). Petitioner attaches the June 2, 2014, Legal Status Summary showing the "credit rate" for the possession conviction as "2nd Striker 20%/33.3%" and refers to the "*Tate* decision."[2] (ECF No. 1 at 32).

In December 2012, Petitioner states that he passed the General Education Exam and therefore believed he was eligible for "Milestone Completion Credits" entitling him to six weeks of credit. (ECF No. 13 at 6 ¶ 8). Petitioner was advised that although he may not be eligible to apply those six weeks to his prior robbery sentence, he may be able to apply them towards his possession sentence. (*Id.*).

---

[2] *In re Tate*, 135 Cal. App. 4th 756 (2006).

In January 2013, Petitioner was informed of the time-served credits he was eligible to receive. (*Id.* ¶ 9). Petitioner states that the case records manager was confused because there were conflicting documents in his record that stated differing time-served credit percentages for his possession sentence. (*Id.*). Petitioner asserts that some documents listed fifty percent and others twenty percent. (*Id.*). On January 9, 2013, Petitioner filed an inmate appeal seeking clarification of his time-served credit percentage and also to exhaust his administrative remedies so that he could seek judicial review of his time-served credit calculation. (*Id.*; Lodg. 3 at 27).

On January 17, 2013, Petitioner's First Level Appeal was partially granted for the purposes of exhausting administrative remedies. (Lodg. 3 at 32). The First Level Response found that Petitioner was only entitled to twenty percent time-served credit for his possession sentence and that Petitioner's calculated release date was May 17, 2019. (*Id.* at 30).

Petitioner appealed, and on March 7, 2013, his Second Level Response was partially granted because a "Computation Review/Haygood Hearing" was held.[3] (*Id.* at 33-34). Petitioner was again advised that he was only eligible for twenty percent time-served credit on his possession sentence, and that his calculated release date was May 17, 2019. (*Id.*). Petitioner states he sought a calculation of his Earliest Possible Release Date ("EPRD") in March 2013, and that he was notified during the Computation Review/Haygood Hearing on

---

[3] *Haygood v. Younger*, 769 F.2d 1350 (9th Cir. 1985).

March 7, 2013, that he was only eligible for twenty percent time-served credit for his possession sentence. (ECF No. 1 at 6-7).

Petitioner appealed, and on July 15, 2013, his Third Level Appeal was denied. (Lodg. 3 at 29). The Third Level Response affirmed both the calculation of Petitioner's EPRD of May 17, 2019, and Petitioner's twenty percent time-served credit eligibility for his possession sentence. (*Id.*). Petitioner thus exhausted his administrative remedies. (*Id.* at 31).

On October 18, 2013, Petitioner filed a petition for writ of habeas corpus in Imperial County Superior Court. (Lodg. 3 at 17). Petitioner argued that based upon *In re Tate*, he was eligible for day-to-day (fifty percent) time-served credit for his possession sentence. (*Id.* at 18). The court found that Petitioner's twenty percent time-served credit eligibility was accurate because Petitioner was sentenced under the three strikes law for his possession offense. (*Id.* at 19). The court distinguished *In re Tate* on the grounds that, unlike Petitioner, Tate had entered into a plea agreement not governed by the three-strikes law. (*Id.*). On November 7, 2013, the superior court denied the petition. (*Id.* at 18).

On January 22, 2014, Petitioner filed a second habeas petition with the California Court of Appeal. (Lodg. 1). Petitioner again argued he was entitled to day-to-day time-served credit under *In re Tate*. (*Id.*). On February 11, 2014, the Court of Appeal denied the petition on the merits. (Lodg. 3 at 16). The Court of Appeal found that Petitioner was sentenced under the three strikes law and was only eligible for twenty

1    percent time-served credit. (*Id*.). The court distinguished *Tate* because,
2    unlike Petitioner, Tate had bargained for the day-to-day time-served
3    credit under the negotiated plea. (*Id*.).

4    On June 10, 2014, Petitioner filed a third petition with the
5    California Supreme Court. (Lodg. 2). Petitioner raised the same
6    arguments regarding the calculation of his time-served credits as his
7    prior state habeas petitions. (Lodg. 3 at 10-11). On August 13, 2014,
8    the California Supreme Court denied the petition without comment or
9    citation. (*Id*. at 7).

10   In his Traverse, Petitioner claims that between January 2013 and
11   August 2015, the prison where he is incarcerated had intermittent
12   lockdowns of various lengths. (ECF No. 13 at 6-7 ¶ 10). Petitioner
13   alleges "[there] [were] over five major lockdowns that lasted over two
14   months, over ten minor lockdowns that last[ed] two weeks and
15   countless 24-hour lockdowns." (*Id*.). Petitioner asserts that during
16   these lockdowns he did not have "Priority Legal User" status, which
17   denied him priority access to the law library, legal materials and legal
18   mailing. (*Id*. at 14). Petitioner states that non-Priority Legal Users
19   were put into a lottery system for access during lockdowns, but often
20   only Priority Legal Users were granted access, leading to the gaps in
21   Petitioner's state filings. (*Id*. at 14-15).

22   **III. SUMMARY OF ARGUMENTS**
23   **A. Petitioner's Arguments**
24   In his Petition, Petitioner argues that the state courts misapplied
25   the law to his time-served credits. (ECF No. 1 at 5-7). In his Traverse,

Petitioner further argues that the Petition is timely under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1)(D). (ECF No. 13 at 2). Petitioner argues that he always believed that he was entitled to day-to-day time-served credits for his possession sentence based upon Legal Status Summaries and court documents he received. (*Id.* at 13). Petitioner asserts that he is entitled to statutory tolling because he did not discover the factual predicate underlying this Petition until March 2013, although he filed an inmate appeal concerning the calculation of his time-served credits in January 2013. (*Id.*). Petitioner further claims that he was unable to file his first state habeas petition in superior court prior to October 2013 because he was transferred to another prison in August 2013 for a civil trial and was not transferred back to his place of usual incarceration until September 2013.[4] (*Id.* at 14).

Petitioner also argues that the statute of limitations did not run against him in the gaps between filing his state petitions because the intervals between a lower court petition being denied and the filing of a new petition in a higher court are considered within the statutory scope of the word "pending," and thus tolled AEDPA's statute of limitations. (*Id.* at 15).

Petitioner additionally argues that he is entitled to equitable tolling because the intermittent prison lockdowns constituted

---

[4] Case No. 3:11-cv-103-LAB-EVG. In that action, Petitioner was the plaintiff and pursued that action *pro se* through trial, disposition and post-trial motions. (*Id.*).

1 circumstances that were beyond his control and which denied him
2 access to prison legal materials. (*Id*. at 16). Petitioner contends he
3 diligently pursued his legal rights despite these lockdowns. (*Id*.).
4     On the merits, Petitioner argues that the state courts violated his
5 Due Process and Equal Protection rights when they made unreasonable
6 determinations of fact regarding the determination of his time-served
7 credits. (*Id*.).

### B. Respondent's Arguments

9     Respondent argues that Petitioner's claims are barred by
10 AEDPA's one-year statute of limitations, even if he is entitled to the
11 later start date of March 7, 2013, and considering that he is entitled to
12 some period of statutory tolling while his state petitions were pending.
13 (ECF No. 11-1 at 4, 6) Respondent bases this argument on the grounds
14 that: (1) seven months of untolled time elapsed between Petitioner's
15 discovery of the factual predicate of his claim on March 7, 2013, and the
16 filing of his first state petition in superior court on October 18, 2013; (2)
17 four months of untolled time elapsed between the denial of Petitioner's
18 state petition by the California Court of Appeal on February 11, 2014,
19 and the filing of his next state petition with the California Supreme
20 Court on June 10, 2014; and (3) a year of untolled time elapsed between
21 the denial of his last state petition by the California Supreme Court on
22 August 13, 2014, and the filing of this Petition on August 26, 2015. (*Id*.
23 at 4-6).
24     On the merits, Respondent argues that Petitioner's claims fail
25 because the time-served credit calculations performed by prison officials

were correct and did not violate any federal right. (*Id*. at 6-10). Respondent contends that the state courts' correct interpretation of state law precludes federal relief. (*Id*.).

## IV. STANDARD OF REVIEW

Title 28, U.S.C. § 2254(a) provides the scope of review for federal habeas corpus claims:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the grounds that he is in custody in violation of the Constitution or laws or treaties of the United States.

As amended by AEDPA, 28 U.S.C. § 2254(d) provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Petitioner presented all of his claims in his federal habeas Petition to the state trial, appellate and supreme courts on collateral review. (Lodg. 3). The California Court of Appeal denied Petitioner's claims on the merits. (*Id*. at 16).

## IV. DISCUSSION

### A. Statute of Limitations

AEDPA sets a one-year statute of limitations for all 28 U.S.C. § 2254 habeas corpus petitions initiated by state prisoners after April 24, 1996. *Shelby v. Bartlett*, 391 F.3d 1061 (9th Cir. 2004). Under § 2244(d)(1)(D), "[t]he limitation period shall run from . . . . the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." *Id.*

Respondent accepts March 7, 2013, as the date Petitioner discovered the factual predicate of his claim. (ECF No. 11-1 at 5; Lodg. 1). AEDPA's statute of limitations therefore began to run on that date. 28 U.S.C. § 2244 (d)(1)(D). Petitioner did not file this Petition until August 26, 2015, more than two years after his claim arose. (ECF No. 1). Absent tolling, this Petition is untimely.

### 1. Statutory Tolling

**U**nder AEDPA, the one-year statute of limitations begins to run on the date on which the factual predicate of the claim or claims presented could have been discovered. 28 U.S.C. § 2244(d)(1)(D). "To accommodate any collateral state court habeas proceeding, however, the statute provides that the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation." *Maes v. Chavez*, 792 F.3d 1132, 1134 (9th Cir. 2015) (internal quotations and citations omitted).

Petitioner discovered the factual predicate of his claim on March 7, 2013, triggering AEDPA's statute of limitations. 28 U.S.C. § 2244(d)(1)(D). Petitioner did not file a state habeas petition until October 18, 2013. (Lodg. 1). Although Petitioner suggests he is entitled to statutory tolling during the time he was pursuing administrative remedies, AEDPA's statute of limitations is not tolled during the time a petitioner pursues administrative remedies. *See* 28 U.S.C. § 2244(d)(2) (providing statutory tolling only during the time period in which "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending").

Petitioner asks the court to note that he was transferred to another prison for a federal civil trial, leading to the delay in filing his first state habeas petition.[5] (ECF No. 13 at 14). However, that transfer does not give Petitioner any statutory tolling for that time period because only a properly filed petition in state court tolls AEDPA's statute of limitations, not a federal civil suit. 28 U.S.C. § 2244(d)(2). Therefore, seven months of untolled time elapsed between Petitioner's discovery of the factual predicate of his claim and the filing of his state petition in superior court.

Although Petitioner argues that he is entitled to gap tolling during the intervals between the filing of his state petitions, this argument fails. The Ninth Circuit reaffirmed that the reasonable benchmark for such gaps in filing is between thirty and sixty days. *Stewart v. Cate*, 757 F.3d 929, 935-36 (9th Cir. 2014). The Ninth

---

[5] Case No. 3:11-cv-103-LAB-WVG.

11

1 Circuit has consistently held that gaps between filings longer than sixty
2 days are not entitled to statutory tolling because there is no properly
3 pending petition in state court under 28 U.S.C. § 2244(d)(2).  *See*
4 *Stewart*, 757 F.3d at 935-36 (finding no gap tolling for one hundred day
5 delay); *Stancle v. Clay*, 692 F.3d 948, 956 (9th Cir. 2012), cert.
6 denied, 133 S.Ct. 1465 (2013) (eighty-two days); *Velasquez v. Kirkland*,
7 639 F.3d 964, 968 (9th Cir. 2011), cert. denied, 132 S.Ct. 554
8 (2011) (eighty-one days); *Chaffer v. Prosper*, 592 F.3d 1046, 1048 (9th
9 Cir. 2010) (one hundred and one days).  The California Court of Appeal
10 denied Petitioner's state petition on February 11, 2014, and he did not
11 file his next state petition in the California Supreme Court until June
12 10, 2014.  (Lodgs. 2, 3).  Over four months of untolled time elapsed
13 because there was no properly pending petition in state court under 28
14 U.S.C. § 2244(d)(2).  When the untolled four-month gap is added to the
15 pre-filing seven-month gap, Petitioner had one month to timely file a
16 federal petition upon the conclusion of state judicial review.

17     Except for the four months which elapsed between Petitioner's
18 filings in the California Court of Appeal and the California Supreme
19 Court, AEDPA's statute of limitations was tolled for the period of time
20 Petitioner sought state judicial review.  28 U.S.C. § 2244(d)(2).  On
21 August 13, 2014, state judicial review ended.  (Lodg. 3).  Petitioner then
22 had one month to timely file a federal petition, or until September 12,
23 2014, because eleven months of untolled time had previously elapsed
24 prior to the conclusion of state judicial review.  Petitioner did not file
25 this Petition until August 26, 2015, more than eleven months after

AEDPA's statute of limitations had expired. Petitioner did not have a pending state habeas petition during the interval between August 13, 2014, and August 26, 2015, and therefore an additional twelve months of untolled time elapsed prior to his filing this Petition. 28 U.S.C. § 2244(d)(2).

Twenty-three months of cumulative untolled time elapsed between Petitioner's discovery of the factual predicate of his claim on March 7, 2013, and the filing of this Petition on August 26, 2015. Accordingly, Petitioner is not entitled to statutory tolling.

### 2. Equitable Tolling

Although Petitioner is not entitled to statutory tolling, the Petition can survive if he is entitled to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010).

"The threshold necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule." *Mendoza v. Carey*, 449 F.3d 1065, 1068 (9th Cir. 2006). AEDPA's statutory period can be equitably tolled only when extraordinary circumstances are shown. *Holland*, 560 U.S. at 645. "A petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 649 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)) (internal quotations omitted). A habeas corpus petition can "be timely, even after the one-year time period has expired . . . [if] equitable tolling applies." *Jorss v. Gomez*, 311 F.3d 1189, 1192 (9th Cir. 2002). The burden rests with the

petitioner to demonstrate he is entitled to equitable tolling. *Pace*, 544 U.S. at 418.

In his Traverse, Petitioner alleges that between January 2013 and August 2015, he was denied access to legal materials because of intermittent lockdowns of various lengths and also because of his transfer to another prison for his *pro se* civil trial. (ECF No. 13 at 6, 14-15). Petitioner claims he was often denied access to legal materials during these lockdowns because he was not a Priority Legal User and had to go through a lottery system which often denied him access. (*Id.* at 14-15.). Petitioner gives no indication of how long such denials lasted.

### a. Diligence

"The diligence required for equitable tolling purposes is reasonable diligence not maximum feasible diligence." *Holland*, 560 U.S. at 653 (citing *Lonchar v. Thomas*, 517 U.S. 314, 326 (1996) and *Starns v. Andrews*, 524 F.3d 612, 618 (5th Cir. 2010)) (internal quotations omitted). To preserve his claim, Petitioner must show that he "diligently" pursued his legal interests in the year that elapsed between the California Supreme Court's final judgment and the filing of this Petition. *Id.* at 649.

Petitioner does not state what he did to pursue his legal rights during the untolled periods. Petitioner offers nothing to show his diligence in those intervals, except the threadbare allegation that he "diligently pursued his claim." (*Id.* at 6). Although Petitioner filed an Application with the Ninth Circuit in March 2015, that filing came

nearly seven months after the denial of his petition by the California Supreme Court and over five months after AEDPA's statute of limitations had expired. (Lodg. 3). Because Petitioner makes no showing that he did anything to diligently pursue his legal interests in those intervals, Petitioner fails to satisfy *Holland*'s diligence prong.

### b. Extraordinary Circumstances

"To apply the doctrine in extraordinary circumstances necessarily suggests the doctrine's rarity, and the requirement that extraordinary circumstances stood in [Petitioner's] way suggests that an external force must cause the untimeliness, rather than . . . mere[] oversight, miscalculation or negligence on the petitioner's part, all of which would preclude the application of equitable tolling." *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009), cert. denied, 558 U.S. 897 (2009).

Complete denial of access to legal materials is considered an "extraordinary circumstance." *See Lott v. Mueller*, 304 F.3d 918, 925 (9th Cir. 2002) (finding eighty-two day denial of legal materials during temporary transfers in addition to uncertainty of the finality of state proceedings during the AEDPA period met extraordinary circumstance requirement). A habeas petitioner should "receive an evidentiary hearing when he makes a good faith allegation that would, if true, entitle him to equitable tolling." *Roy v. Lampert*, 465 F.3d 964, 969 (9th Cir. 2006) (quoting *Laws v. Lamarque*, 351 F.3d 919, 919 (9th Cir. 2003)) (internal quotations omitted).

Petitioner claims he was subject to intermittent lockdowns of various lengths which caused him to have to utilize a lottery system to access legal materials, which often resulted in a denial of access and therefore, constitutes extraordinary circumstances beyond Petitioner's control. (ECF No. 13 at 6-7, 14-15). Petitioner alleges that these intermittent lockdowns occurred between January 2013 and August 2015. (*Id.* at 6).

Petitioner also cannot satisfy *Holland*'s extraordinary circumstance prong. Between January 2013 and August 2015, Petitioner successfully exhausted his administrative remedies, filed a state habeas petition and pursued that action to its end in August 2014, pursued a *pro se* civil suit he had filed in 2011 through trial in 2013 and beyond[6] and filed an Application with the Ninth Circuit in March 2015, demonstrating he had ample access to legal materials despite the claimed intermittent lockdowns. (Lodg. 3; ECF No. 13 at 14).

If Petitioner was concerned about preserving his legal rights in federal court, he could have filed a defective pleading in federal court and then sought a stay and abeyance pending exhaustion of the state judicial proceedings to preserve his legal rights. *See Irwin v. Dep't. of Veterans Affairs*, 498 U.S. 89, 96 (1990) (observing that courts "have allowed equitable relief in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the

---

[6] The docket for Case No. 3:11-cv-103-LAB-WVG shows that Petitioner was able to successfully file documents in this action between March 2013 and April 2014. (*Id.* at ECF Nos. 69, 124).

16

statutory period"); *see also Pace*, 544 U.S. at 416 (stating "a petitioner trying in good faith to exhaust state remedies may litigate in state court for years only to find out at the end that he was never properly filed, and thus that his federal habeas petition is time barred . . . [but] [a] prisoner . . . might avoid this predicament . . . by filing a protective petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted") (internal quotations and citations omitted). Petitioner did not do so.

If Petitioner was able to successfully file legal documents repeatedly in both state and federal court for multiple actions in the same time period despite the claimed intermittent lockdowns, he was able to timely file a habeas petition in federal court even if it would have been defective at the time of filing. Petitioner also makes no showing that any of the claimed lockdowns and denials of access occurred between August 13 and September 12, 2014, the one month period remaining after the conclusion of state judicial review in which he could have timely filed a federal petition.

Because Petitioner has not shown he diligently pursued his legal interests or that some extraordinary circumstance occurred in the untolled periods that prevented timely filing, he has not met his burden and is not entitled to equitable tolling under *Holland*.

Accordingly, the Court concludes that this Petition is barred by AEDPA's one-year statute of limitations because Petitioner has not demonstrated that he is entitled to statutory or equitable tolling.

Because the Court finds that this Petition is barred by AEDPA's statute of limitations, the Court does not reach the merits of this Petition. Accordingly, the Court **RECOMMENDS** that the Petition for Writ of Habeas Corpus be **DISMISSED** with prejudice and without leave to amend.

## V. CONCLUSION

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that the District Court issue an Order: (1) Approving and Adopting this Report and Recommendation; and (2) **DISMISSING** the Petition with prejudice and without leave to amend.

**IT IS HEREBY ORDERED** that any written objections to this Report must be filed with the Court and served on all parties no later than **April 15, 2016**. The document should be captioned "Objections to Report and Recommendation." **IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **April 22, 2016**.

The parties are advised that the failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998).

**IT IS SO ORDERED.**

Dated: March 30, 2016

Hon. Mitchell D. Dembin
United States Magistrate Judge