# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENGHIS KHAN ALI STEVENSON,<br><br>　　　　　　　Petitioner,<br><br>　v.<br><br>JEFFREY BEARD,<br><br>　　　　　　　Respondent. | CASE NO. 15cv1926 DMS (MDD)<br><br>**ORDER (1) ADOPTING IN PART AND REJECTING IN PART THE RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND (2) DISMISSING PETITION** |

Before the Court is United States Magistrate Judge Mitchell D. Dembin's Report and Recommendation ("R&R") recommending that the Court dismiss the present habeas corpus petition as untimely. There are no objections to the R&R. For the reasons set forth below, this Court adopts in part and rejects in part the R&R, and dismisses the petition.

## I.
## DISCUSSION

Petitioner is a state prisoner proceeding *pro se* and *in forma pauperis* with a Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254. Petitioner is challenging the California Department of Corrections's calculation of Petitioner's earliest possible release date. Respondent asserts the Petition is untimely, and should be dismissed. Magistrate Judge Dembin agrees with Respondent, and recommends the Court dismiss the Petition as untimely.

**A.     Standard of Review**

The duties of the district court in connection with a magistrate judge's R&R are set forth in Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1) (2005). The district court must "make a *de novo* determination of those portions of the report...to which objection is made[,]" and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1) (2005).

In this case, there are no objections to the R&R. Based on this Court's review, the Court agrees with the Magistrate Judge that the Petition is untimely and must be dismissed. The Court agrees that Petitioner is not entitled to equitable tolling of the statute of limitation. The Court also agrees that statutory tolling does not save the Petition, but for different reasons set out below.

**B.     Statute of Limitations**

AEDPA sets out a one-year period of limitations for state habeas corpus petitions. *See* 28 U.S.C.A. § 2244(d)(1). It provides:

> The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Here, the Magistrate Judge found Petitioner's statute of limitations began to run on March 7, 2013, which is when Petitioner was informed that he was only eligible for

twenty percent time-served credit for his possession sentence. (R&R at 5.) Petitioner therefore had until March 7, 2014, to file his federal petition.

Petitioner did not file his federal petition by that date. Instead, on October 18, 2013, Petitioner filed a habeas petition in Imperial County Superior Court. (*See* Docket No. 1 at 20.)[1] By that date, 224 days had expired from Petitioner's one-year statute of limitations. While that petition was pending, Petitioner's statute of limitations was tolled. *See* 28 U.S.C. §2244(d)(2).[2] The superior court denied that petition on November 7, 2013.

The Magistrate Judge found Petitioner was entitled to statutory tolling between the time the superior court denied the petition on November 7, 2013, and January 22, 2014, which is when Petitioner filed his next habeas petition in the California Court of Appeal. (R&R at 12.) However, this Court disagrees with that assessment as the second petition was filed more than 60 days after the first petition was denied. *See Stewart v. Cate*, 757 F.3d 929, 935 (9th Cir.), *cert. denied*, *Stewart v. Beard*, ___ U.S. ___, 135 S.Ct. 341 (2014) (discussing Supreme Court's "thirty-to-sixty-day benchmark for California's 'reasonable time' requirement"). That delay took an additional 74 days off Petitioner's one-year statute of limitation, which when combined with the previous 224 days, amounted to a total of 298 days that had expired from Petitioner's one-year statute of limitation.

Petitioner's statute of limitation was tolled while his habeas petition was pending before the California Court of Appeal, but it restarted when the court denied that petition on February 11, 2014. On that date, Petitioner had 67 days remaining, or until

/ / /

/ / /

---

[1] The page number cited here is the page number assigned by the Court's CM/ECF system.

[2] Title 28 U.S.C. § 2244 states: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

April 21, 2014,[3] to file his federal habeas petition. He did not do so, and thus his statute of limitation expired, rendering the present petition untimely.[4]

## II.

## CONCLUSION AND ORDER

With the exception of the Magistrate Judge's analysis of statutory tolling, the Court agrees with the Magistrate Judge's findings, specifically, that Petitioner is not entitled to equitable tolling and that the Petition is untimely. Accordingly, the Court dismisses the Petition. The Clerk of Court shall enter judgment accordingly, and close this case.

**IT IS SO ORDERED**.

DATED: June 2, 2016

_____
HON. DANA M. SABRAW
United States District Judge

---

[3] The statute of limitation actually expired on April 20, 2014, but since that was a Sunday, Petitioner had until April 21, 2014, to file his federal habeas petition.

[4] In light of this finding, the Court declines to address whether Petitioner is entitled to statutory tolling during the time his third habeas petition was pending before the California Supreme Court. That petition was not filed until June 10, 2014, by which time Petitioner's statute of limitation had already expired.