# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENGHIS KHAN ALI STEVENSON,<br><br>                Petitioner,<br>    v.<br><br>JEFFREY BEARD,<br><br>                Respondent. | CASE NO. 15cv1926 DMS (MDD)<br><br>**ORDER (1) DENYING PETITIONER'S MOTION TO REOPEN THE TIME TO APPEAL AND (2) DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY** |

On June 2, 2016, this Court issued an Order adopting in part and rejecting in part the recommendation of the Magistrate Judge and dismissing the present Petition for Writ of Habeas Corpus. The Clerk of Court issued a judgment to that effect the same day. On June 13, 2016, Petitioner filed a motion for relief from the judgment, stating he never received a copy of the Magistrate Judge's Report and Recommendation ("R&R"). In response to that motion, the Court ordered the Clerk of Court to send another copy of the R&R to Petitioner, and gave him another opportunity to file objections. Petitioner filed those objections on August 1, 2016. On October 27, 2016, the Court denied Petitioner's motion for relief from the judgment.

Pursuant to Federal Rule of Appellate Procedure 4(a)(1)(A), Petitioner had 30 days, or until November 27, 2016, to file a timely notice of appeal of the Court's Order denying his motion for relief from the judgment. Petitioner did not file his Notice of Appeal until January 30, 2017. In that Notice, Petitioner states, "Petitioner have just

receive notice of denial through the civil docket log on January 20, 2016, and have not receive a copy of the denial Document number #26." In response to the Notice of Appeal, the Clerk of Court sent another copy of the Court's October 26, 2016 Order to Petitioner, and transmitted the Notice of Appeal to the United States Court of Appeals for the Ninth Circuit.

This Court is now in receipt of an Order from the Ninth Circuit construing the Notice of Appeal as a motion to reopen the time to appeal, and remanding the case to this Court for two reasons: (1) to rule on the motion to reopen the time to appeal, and (2) to decide whether a certificate of appealability should issue.

Federal Rule of Appellate Procedure 4(a)(6) states,

> The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
>
> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>
> (C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6). In this case, the latter two requirements appear to be satisfied. However, Plaintiff has not provided the Court with any evidence to support his assertion that he did not receive a copy of the Court's October 27, 2016 Order within the time set out in the Rule, *e.g.*, a statement under penalty of perjury to that effect, or a copy of the "civil docket log" referred to in his Notice of Appeal. In the absence of any evidence to support Petitioner's assertion, and in light of the entry on the Court's docket indicating the Order was mailed to Petitioner, the Court cannot find Petitioner did not receive a copy of the Order. *See In re Bucknum,* 951 F.2d 204, 207 (9th Cir. 1991) ("Mail that is properly addressed, stamped, and deposited into the mail is presumed to be received by the addressee . . . The presumption can only be overcome

by clear and convincing evidence that the mailing was not, in fact, accomplished."); *see also Nunley v. City of Los Angeles*, 52 F.3d 792, 796 (9th Cir. 1995) (noting that where court's docket included notations that a judgment was mailed and not returned by the post office, its receipt may be assumed). Absent that finding, Petitioner's motion to reopen the time to appeal is denied.

Turning to the next issue, a certificate of appealability is authorized "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). *See also Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court has reviewed the R&R, its June 2, 2016 Order adopting in part and rejecting in part the R&R, and the record in this case, and finds that standard is not met here. Based on this Court's repeated review of the record, Petitioner's claims are untimely, and Petitioner has not shown that any "jurist of reason" would disagree with that conclusion.

**IT IS SO ORDERED**.

DATED: March 1, 2017

_____
HON. DANA M. SABRAW
United States District Judge